NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL ORTIZ SOLANO,<br><br>         Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>         Respondent. | No.   18-72329<br>Agency No. A096-356-404<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2023**
San Francisco, California

Before: S.R. THOMAS AND H.A. THOMAS, Circuit Judges, and RAKOFF,***
District Judge.

In 2005, Petitioner Daniel Ortiz Solano ("Petitioner"), a native and citizen of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Mexico, applied for cancellation of removal.[1] The Immigration Judge ("IJ") denied Petitioner's application, and the Board of Immigration Appeals ("BIA") affirmed. Over a decade later, Petitioner filed a motion to reopen proceedings, seeking to apply for asylum based on changed circumstances in Mexico. The BIA denied Petitioner's motion, first finding that his motion was untimely, and then declining to exercise its discretionary authority to reopen proceedings *sua sponte*. Petitioner then sought this Court's review. We deny the petition in part and dismiss it in part.

The first issue raised by Petitioner's appeal is whether the BIA abused its discretion when it determined that Petitioner's motion was time-barred. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("We review the BIA's denial of a motion to reopen for an abuse of discretion."). We have jurisdiction over this claim pursuant to 8 U.S.C. § 1252(a). Ordinarily, a motion to reopen deportation proceedings must be filed within 90 days of the date upon which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). But an exception to this rule applies to motions filed for the purpose of applying (or reapplying) "for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8

---

[1]    Petitioner initially applied for asylum, withholding of removal, and protection under the Convention Against Torture, but withdrew those applications in favor of an application for cancellation of removal.

2

C.F.R. § 1003.2(c)(3)(ii). Since the BIA found that circumstances had not changed in Mexico (the country to which Petitioner had been ordered deported), it concluded that Petitioner's motion was time-barred.

The BIA did not abuse its discretion in reaching this conclusion. The record shows that Petitioner only produced generalized allegations that cartel violence in Mexico was on the rise and provided no particularized reason why he would be subject to it. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (requiring an applicant to demonstrate "that her predicament is appreciably different from the dangers faced by her fellow citizens" (quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998))).

Petitioner also contends that the BIA erred in declining to exercise its authority to reopen proceedings *sua sponte*. But we lack jurisdiction to review a Board decision to deny *sua sponte* reopening, unless such a decision was based on legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Since we find no legal or constitutional error in the BIA's denial of *sua sponte* reopening, we have no jurisdiction to review it.

The petition is **DENIED IN PART AND DISMISSED IN PART.**